UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ABET JUSTICE, LLC and GUETATCHEW FIKROU, | Case No. 2:13-cv-02082-MMD-PAL |
| Plaintiffs, | ORDER |
| v. | |
| AMERICA FIRST CREDIT UNION, *et al.*, | |
| Defendants. | |

## I.    SUMMARY

Before the Court is Defendants American First Credit Union, Darin Hammond, and Holli Perry's Motion to Dismiss (dkt. no. 7) and Defendants Stewart Title Company and Margi[e] McCarthy's Motion to Dismiss (dkt. no. 9). For the reasons set forth below, both Motions to Dismiss are granted.

## II.    BACKGROUND

Plaintiffs do not provide a comprehensible chronology of events in their Complaint nor are their characterizations entirely consistent with the recorded loan documents filed by Defendants. The following facts, therefore, are drawn from the Complaint, Defendants' Motions and exhibits, and Plaintiffs' Response and exhibits.

The property that is the subject of the instant case is located at 4734 Cortina Rancho Street, Las Vegas, Nevada 89147 ("the Property"). The original purchasers of the Property for the purposes of this case are Scott and Dorothy Gamblin, who received a loan ("the Loan") for $251,192.00 from Community One Federal Credit Union

("Community One"), and executed a promissory note ("Note") that was secured by a deed of trust on the property ("Deed of Trust").  (Dkt. no. 7-2.) The Deed of Trust names Community One as lender and Stewart Title as trustee. (*Id.*) The Deed of Trust was signed on August 29, 2007, and recorded on August 31, 2007, in the official records of Clark County, Nevada. (*Id.*) Defendants represent that on the same day that the Deed of Trust was signed, a junior mortgage was granted in which Community One loaned the Gamblins $62,798.00. (Dkt. no. 7 ¶ 4.)

American First Credit Union ("AFCU") is the successor in interest to Community One. (Dkt. no. 7 at 3.) Defendant Holli Perry is an agent of AFCU. (Dkt. nos. 1 ¶ 7, 18 at 35.) Defendant M. Darin Hammond is the successor trustee. (*See* dkt. nos. 9 at 3; 10-4; 18 at 24.) Plaintiffs represent that Defendant Stewart Title Company ("Stewart Title") is a debt collector and that Margi[e] is an agent of Stewart Title. (*See* dkt. no. 1 ¶¶ 8, 9.)[1]

Plaintiff Abet Justice, LLC ("Abet") is a limited liability corporation in Clark County, Nevada, and its owner is Plaintiff Guetatchew Fikrou. (Dkt. no 1 ¶¶ 2, 3.) Abet represents that it became the owner of the Property on May 23, 2013, after the second deed holder foreclosed on the subject property. (*Id.* ¶ 20; dkt. no. 10-2.) Defendants Stewart Title and McCarthy attach a Trustee's Deed Upon Sale issued to Black Canyon Holdings, LLC ("Black Canyon"), signed on May 16, 2013, and recorded with Clark County on June 14, 2013. (Dkt. no. 10-1.) They also provide the Quit Claim Deed in which Black Canyon conveyed and quit claims to Abet for $9,400.00. (Dkt. no. 10-2.) The Quit Claim Deed was signed on May 23, 2013, and recorded on June 14, 2013, with Clark County. (*Id.*)

On June 14, 2013, Plaintiffs state that they contacted Defendant Holli Perry in an unsuccessful attempt to settle the first note held by AFCU. (Dkt. no. 1 ¶ 21.)

///

---

[1]Plaintiffs do not address the apparent contradiction between this allegation and Hammond's role as successor trustee.

On or about June 28, 2013, a Notice of Default was posted. (*Id.* ¶ 22; dkt. no. 28 at 27.) Plaintiffs again contacted Holli Perry to try to pay-off the note based on Plaintiffs' assessment of market value, between $118,500.00 and $138,000.00. (*Id.* ¶ 23.) Perry indicated that the payoff amount was $259,085.96 and declined to accept a pay-off at a lower price. (*Id.* ¶ 24.)

A Notice of Trustee Sale was posted on or about October 25, 2013. (*Id.* ¶ 25.) The Property was sold on November 26, 2013. (Dkt. no. 7-4.)

The Complaint alleges fourteen claims: (1) "no good faith estimate;" (2) "consumer statement missing;" (3) "disclosure violations;" (4) "failure to disclose calculation of mortgage balance;" (5) "failure to disclose itemization of charges;" (6) "violations of the fair debt collections practices;" (7) "violations of RESPA;" (8) "slander of title/petition to quiet [sic] title;" (9) "fraud and misrepresentation;" (10) "discrimination and TILA violations;" (11) "negligence in supervision;" (12) "defective title search;" (13) "fraudulent appraisal;" and (14) "common law fraud and injurious falsehood."

## III. MOTIONS TO DISMISS

### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

3

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

### B.    Discussion

Defendants raise a number of problems with Plaintiffs' Complaint; the Court will only address the most significant. First, Plaintiffs have not retained counsel. Instead, Fikrou[2] attempts to represent himself and Abet. However, "[a] corporation may appear in federal court only through licensed counsel." *United States v. High Country Broad, Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Fikrou can therefore not represent Abet.

///

---

[2] Defendants Stewart Title and McCarthy allege that "[p]ublic records show that Plaintiff Guetatchew Fikrou has never held an interest in the title to the property" and suggest that he, as owner of Abet, was only added to the lawsuit for purposes of representation. (Dkt. no. 9 at 3.)

Second, the Complaint does not give fair notice of the claims or factual allegations to allow Defendants to answer or defend themselves. Each claim in the Complaint simply recites the legal requirements. Indeed, the allegations fail to differentiate between Defendants for any claim, instead generally bringing each claim against all Defendants. Plaintiff's Opposition does not clarify the issues as it does not address Defendants' arguments regarding each claim. At best, the Complaint offers legal conclusions not afforded the assumption of truth. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

Finally, given that Plaintiffs are not parties to the underlying Note or Deed of Trust, they have failed to demonstrate that they have entered into a contract with any of the Defendants or that a legal relationship existed upon which they may base their claims. They have further failed to allege why any Defendant owes Plaintiffs a duty of care. Plaintiffs have therefore not demonstrated that they have standing to bring the claims in their Complaint.

For the reasons set forth above, Plaintiffs' claims must be dismissed against all Defendants.

IV.   **CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motions.

It is therefore ordered that Defendants American First Credit Union, Darin Hammond, and Holli Perry's Motion to Dismiss (dkt. no. 7) is granted.

It is further ordered that Defendants Stewart Title Company and Margi[e] McCarthy's Motion to Dismiss (dkt. no. 9) is granted.

It is further ordered that Defendants America First Credit Union, Holli Perry, and Darian Hammond's Motion/Request to Submit for Decision Defendants' Motion to Dismiss (dkt. no. 20) is denied as moot.

1    It is further ordered that Plaintiffs' Motion for a Temporary Restraining Order (dkt.

2  no. 26) is denied as moot.

3    DATED THIS 6th day of March 2014.

4

5                                            MIRANDA M. DU
6                                            UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28