1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ABET JUSTICE, LLC and GUETATCHEW FIKROU, | Case No. 2:13-cv-02082-MMD-PAL |
| Plaintiffs, | ORDER |
| v. | |
| AMERICA FIRST CREDIT UNION, *et al.,* | |
| Defendants. | |

I.    **SUMMARY**

There are a number of motions pending before the Court.  Plaintiffs filed a motion for reconsideration and motion to amend ("Motion") (dkt. no. 33) and a motion to file electronically (dkt. no. 43).  Defendants filed a motion to expunge lis pendens, motion for sanctions and motion for ruling. (Dkt. nos. 42, 46 & 50.)  For the reasons set forth below, the Motion is denied, the motion to expunge is granted and all remaining motions are denied.

II.    **BACKGROUND**

The background facts are recited in the Court's Order entered on March 6, 2014. (Dkt. no. 31.)

The property that is the subject of the instant case is located at 4734 Cortina Rancho Street, Las Vegas, Nevada 89147 ("the Property"). The original purchasers of the Property for the purposes of this case are Scott and Dorothy Gamblin, who received a loan ("the Loan") for $251,192.00 from Community One Federal Credit Union

1   ("Community One"), and executed a promissory note ("Note") that was secured by a

2   deed of trust on the property ("Deed of Trust").  (Dkt. no. 7-2.) The Deed of Trust names

3   Community One as lender and Stewart Title as trustee. (*Id.*) The Deed of Trust was

4   signed on August 29, 2007, and recorded on August 31, 2007, in the official records of

5   Clark County, Nevada. (*Id.*) Defendants represent that on the same day that the Deed of

6   Trust was signed, a junior mortgage was granted in which Community One loaned the

7   Gamblins $62,798.00. (Dkt. no. 7 ¶ 4.)

8        American First Credit Union ("AFCU") is the successor in interest to Community

9   One. (Dkt. no. 7 at 3.) Defendant Holli Perry is an agent of AFCU. (Dkt. nos. 1 ¶ 7, 18 at

10   35.) Defendant M. Darin Hammond is the successor trustee. (*See* dkt. nos. 9 at 3; 10-4;

11   18 at 24.) Plaintiffs represent that Defendant Stewart Title Company ("Stewart Title") is a

12   debt collector and that Margi[e] is an agent of Stewart Title. (*See* dkt. no. 1 ¶¶ 8, 9.)

13        Plaintiff Abet Justice, LLC ("Abet") is a limited liability corporation in Clark County,

14   Nevada, and its owner is Plaintiff Guetatchew Fikrou. (Dkt. no 1 ¶¶ 2, 3.) Abet

15   represents that it became the owner of the Property on May 23, 2013, after the second

16   deed holder foreclosed on the subject property. (*Id.* ¶ 20; dkt. no. 10-2.) Defendants

17   Stewart Title and McCarthy attach a Trustee's Deed Upon Sale issued to Black Canyon

18   Holdings, LLC ("Black Canyon"), signed on May 16, 2013, and recorded with Clark

19   County on June 14, 2013. (Dkt. no. 10-1.) They also provide the Quit Claim Deed in

20   which Black Canyon conveyed and quit claims to Abet for $9,400.00. (Dkt. no. 10-2.)

21   The Quit Claim Deed was signed on May 23, 2013, and recorded on June 14, 2013, with

22   Clark County. (*Id.*)

23        On or about June 28, 2013, a Notice of Default was posted. (*Id.* ¶ 22; dkt. no. 28

24   at 27.) A Notice of Trustee Sale was posted on or about October 25, 2013. (*Id.* ¶ 25.)

25   The Property was sold on November 26, 2013. (Dkt. no. 7-4.)

26        Plaintiffs initiate this action and allege claims relating to the underlying loan to

27   which they are not parties. The Court dismissed Plaintiffs' claims, finding numerous

28   deficiencies.  (Dkt. no. 31.)

III.    **MOTION FOR RECONSIDERATION**

      A.    **Legal Standard**

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). Sch. Dist. No. 1J, *Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not "the

3

1    proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.

2    Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an

3    unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp.

4    879, 889 (E.D. Va. 1977).

5        **B.    Discussion**

6        Plaintiffs offer three reasons to support their reconsideration request:   (1) the

7    Order is inconsistent with prior orders in this case, (2) the Order is inconsistent with

8    order entered in similar case, and (3) there is newly acquired evidence.  (Dkt. no.33 at

9    1.)  However, these proffered reasons are all tenuous.

10       In support of the first argument, Plaintiffs rely on the Order to Show Cause

11   ("OSC") directed to counsel for Defendants' as to compliance with Local Rule 1A 10-1(b)

12   and counsel's response to the same.  (Dkt. nos. 27 & 28.)  The OSC does not address

13   the merits of the case. Nor does the OSC address the issue of a corporation's

14   appearance as a pro se litigant.  As noted in the Order, Plaintiff Fikrou is not a licensed

15   attorney and cannot represent Abet, who cannot appear pro se. *See United States v.*

16   *High Country Broad, Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). However, Abet's failure to

17   appear through counsel was not the reason the Court dismissed the Complaint.

18   Plaintiffs' contention that the Order is inconsistent with other orders issued in this case is

19   without merits.

20       Plaintiffs appear to rely on a case that involved the super priority liens of a

21   homeowners' association in support of their second reason for reconsideration. That

22   case has no application here.

23       In support of their third reason for reconsideration, Plaintiffs offer allegations to

24   dispute the background facts cited in the Court's Order.  For example, Plaintiffs contend

25   that the payoff amount indicated by Holli Perry was above the fair market value and the

26   AFCU credit bid.  However, the pay-off amount is irrelevant to the Court's determination

27   that Plaintiffs cannot state a claim against Defendants, among other deficiencies of the

28   Complaint.

4

1    In their Motion, Plaintiffs also seek leave to amend. Plaintiffs have failed to include

2  a proposed amended complaint and to demonstrate that amendment is not futile.  Based

3  on the allegations in the Complaint, the Court finds that amendment is futile. As

4  explained in the Order, Plaintiffs have failed to demonstrate that they have entered into a

5  contract with any of the Defendants or that a legal relationship existed upon which they

6  may base their claims. Plaintiffs' request for leave to amend is denied.

7  **IV.    CONCLUSION**

8    It is therefore ordered that Plaintiffs' motion for reconsideration and motion to

9  amend (dkt. no. 33) is denied. Plaintiffs' motion to file electronically (dkt. no. 43) is

10 denied as moot.

11   Defendants' motion to expunge lis pendens (dkt. no. 42) is granted as this case is

12 dismissed.  Defendants' motion for sanctions (dkt. no. 46) is denied as the Court finds

13 that sanctions is not warranted at this time.  Defendants' motion for ruling (dkt. no. 50) is

14 denied as moot.

15   DATED THIS 20th day of October 2014.

16

17   _____

18   MIRANDA M. DU
     UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28