UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABET JUSTICE, L.L.C. and GUETATCHEW FIKROU<br><br>                    Plaintiffs,<br>     v.<br>AMERICA FIRST CREDIT UNION, *et al.*,<br><br>                    Defendants. | Case No. 2:13-cv-02082-MMD-PAL<br><br>ORDER<br><br>(Pls.' Motion to Reopen – dkt. no. 53;<br>Pls.' Motion to Amend – dkt. no. 57) |

**I.     SUMMARY**

The Clerk entered judgment in favor of Defendants on March 6, 2014. (Dkt. no. 32.) Over a year later, Plaintiffs ABET Justice, L.L.C. ("ABET") and Guetatchew Fikrou filed two motions: Motion to Reopen the Case (dkt. no. 53) and Motion to Amend the Complaint (dkt. no. 57). The Court has reviewed Defendants' responses and joinder (dkt. nos. 54, 58, 60) and Plaintiffs' replies (dkt. nos. 55, 59). For the reasons set forth below, both Motions are denied.

**II.    BACKGROUND**

The Court described the facts in greater detail in an earlier Order. (*See* dkt. no. 31.) To summarize, Plaintiffs initiated this action in November 2013 after acquiring the subject property as a result of a foreclosure on a second deed of trust. They then sought relief from an impending trustee's sale on the first deed of trust.

On March 6, 2014, the Court dismissed the Complaint for three reasons: failure to state a claim; ABET was improperly attempting to proceed without counsel; and

Plaintiffs lacked standing because they were not parties to transaction that constituted the note and first deed of trust. (Dkt. no. 31 at 4-5.) Plaintiffs asked for reconsideration, which the Court denied on October 20, 2014. (Dkt. no. 51.)

On March 18, 2015, more than a year after the Court dismissed the Complaint and several months after the Court denied reconsideration, Plaintiffs moved to reopen the case. (Dkt. no. 53.) They sought leave to amend six weeks later, on April 29, 2015. (Dkt. no. 57.) The Court considers each motion in turn.

### III.   MOTION TO REOPEN

#### A.   Legal Standard

Plaintiffs make their Motion to Reopen ("Motion") pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. no. 53.) Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Under Rule 60(b)(2), a party seeking relief on the basis of newly discovered evidence must show "the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (internal quotation marks and citation omitted). A Rule 60(b)(2) motion must be made "within a reasonable time . . . and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). A district court lacks jurisdiction over an untimely Rule 60(b)(2) motion. *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989).

On the other hand, "[r]elief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (citation

omitted). For a plaintiff "to bring himself within the limited area of Rule 60(b)(6) [he] is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." *Id.* (internal quotation marks and citation omitted).

A Rule 60(b) motion does not affect the finality of a judgment or suspend its operation. Fed. R. Civ. P. 60(c)(2); *Hayward v. Britt*, 572 F.2d 1324, 1325 (9th Cir. 1978) ("[A] motion for relief of judgment under [Rule 60(b)] does not toll the time for appeal or affect the finality of the original judgment.") (per curiam) (citing *Browder v. Dir., Dep't of Corr. of Ill,*, 434 U.S. 257, 263 (1978)).

**B.     Discussion**

Plaintiffs posit two reasons to support the Motion: (1) there is newly acquired evidence and (2) Plaintiffs have secured counsel to represent ABET. (Dkt. no. 53 at 2.) However, these reasons are unavailing in light of Plaintiffs' delay.

Plaintiffs assert that the general nature of the Complaint was to question the validity of the foreclosure through a variety of legal and equitable claims. (Dkt. no 53 at 4.) Apparently, it has come to the attention of Plaintiffs' newly retained counsel that Defendant America First Credit Union ("AFCU") failed to provide a certified mailing of the Notice of Default, as required by NRS § 107.080. (*Id.*) Plaintiffs assert that this "newly discovered evidence . . . justifies relief [under Rule 60(b)(2)] from the order entered on October 20, 2014." (*Id.*)

Plaintiffs fail to note, however, that this Court's October 2014 Order denied Plaintiffs' earlier Motion for Reconsideration of a March 6, 2014, Order dismissing the Complaint. (*See* dkt. no. 51.) Per Rule 60, the Motion for Reconsideration did not "affect the finality of a judgment or suspend[] its operation." Fed. R. Civ. P. 60(c)(2). Thus, Plaintiffs' request for relief from the October 2014 Order is misplaced; the proper judgment from which Plaintiffs could seek relief is the Order issued on March 6, 2014. But Plaintiffs cannot ask the Court for relief from the March 2014 Order under Rule 60(b)(2) — such a motion must be made "within a reasonable time . . . and . . . no more

than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Here, Plaintiffs raise their motion for relief more than a year after the March 6, 2014, Order. Accordingly, the Court must reject Plaintiffs' motion for want of jurisdiction. *See Nevitt*, 886 F.2d at 1188.

Even if the Motion were timely, it would still fail because Plaintiffs have not met their burden for relief under Rule 60(b)(2). Plaintiffs argue that they did not receive notice pursuant to NRS § 107.080, which ensures that a debtor receives notice of a default. *See* NRS § 108.080(3). However, the alleged deficiency in the notice would not cure Plaintiffs' lack of standing. Moreover, from the Complaint, it is clear that Plaintiffs had actual notice of the default. (*See* dkt. no. 1 ¶ 22.) Plaintiffs' proffered evidence that Defendants failed to comply with the exact details prescribed in the statute is unavailing because Defendants nevertheless accomplished the purpose of the statute, albeit in a different manner. *See, e.g.*, *In re Madrid*, 10 B.R. 795, 799 (Bankr.. D. Nev. 1981), *rev'd on other grounds*, *In re Madrid*, 21 B.R. 424 (B.A.P. 9th Cir. 1984) (holding that, because the plaintiff had actual notice of default, the issue in regard to the defendant's failure to properly comply with NRS § 107.080 became moot). Hence, the Court would still deny Plaintiffs' Motion even if it were timely because the newly discovered evidence would not have changed the outcome of the case. *See Jones*, 921 F.2d at 878.

Plaintiffs also request relief under Rule 60(b)(6) because they "had difficulty obtaining representation in this matter." (Dkt. no. 53 at 4.) Yet, without more detail, Plaintiffs' assertion hardly "establish[es] the existence of [an] extraordinary circumstance[]" necessary to grant relief under Rule 60(b)(6). *See Twentieth Century-Fox Film Corp.*, 637 F.2d at 1341; *see also Klapprott v. United States*, 335 U.S. 601, 613-14 (1949) (detailing situations that could qualify as "extraordinary," such as a petitioner being unable to properly defend his interest as a consequence of illness, poverty, and imprisonment). While the Court notes that Plaintiffs had difficulty obtaining representation, Plaintiffs have not demonstrated extraordinary circumstances that warrant relief.

## IV. MOTION TO AMEND

A court has discretion under Rule 15 to grant a party leave to amend its complaint and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). But in cases where a court has entered a final judgment, "a Rule 15(a) motion may be considered only if the judgment is first reopened under Rule 59 or 60." *Lindauer v. Rogers*, 91 F.3d 1355, 1356 (9th Cir. 1996). Thus, despite the liberal nature of a motion to amend, Plaintiffs' Motion to Amend is moot because the Court rejects Plaintiffs' Motion to Reopen the case.

## V. CONCLUSION

It is hereby ordered that Plaintiffs' Motion to Reopen (dkt. no. 53) is denied.

It is further ordered that Plaintiffs' Motion to Amend (dkt. no. 57) is denied as moot.

The Court will not entertain any further filings, including another motion for reconsideration.

ENTERED THIS 7th day of July 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE